No. 313

UTHOFF v. RADTKE

Ohio Appeals, 6th Dist., Ottawa Co.

No. 103. Decided April 11, 1927

225. CHARGE TO JURY—Court's charge that if verdict were returned for plaintiff, that mental pain and suffering resulting from the injury be included as part of the damages, is correct, for mental pain is an essential part of physical injury.

714. LIABILITY—In recovery of damages for a dog's bite, necessary only to show, to constitute liability, ownership of the dog and injury sustained because of the dog.

First Publication of this Opinion

RICHARDS, J.

This action was commenced in the Ottawa Common Pleas by Paul Radtke to recover

damages for being bitten by a dog owned and harbored by Carl Uthoff.

The action was brought by virtue of 5838 GC. and the evidence discloses that Uthoff was operating a public park when Radtke drove into said park on his motorcycle; that the dog became excited on hearing the noise of the motor and bit Radtke on the left leg. Judgment was rendered in favor of Radtke.

Error was prosecuted and it was claimed that the judgment is manifestly against the weight of the evidence, that the court erred in the charge relating to mental suffering and that the judgment is excessive. The Court of Appeals held:

1. The evidence is in conflict as to whether Radtke first kicked at the dog or the dog performed the biting before the kicking. As construed by the Supreme Court and this court, the only necessary elements to constitute liability in an action to recover for a dog bite, are the ownership or harboring of the dog and the injury sustained because of the dog. 89 OS. 61; 107 OS. 75.

2. The court charged that if the jury found for Radtke, damages would include the mental and physical pain suffered as a result of the injury. The critcism of this charge is not warranted, since mental pain and suffering are an essential part of physical injury and an award may be made therefore as a part of the compensatory damages.

3. The physician attending Radtke was not called to testify and the injury impresses the court as being trifling in character. If $75 be remitted from the judgment, same will be affirmed as modified; otherwise it will be reversed as being excessive in amount.

Judgment accordingly.

(Williams & Lloyd, JJ., concur.)

Attorneys—True, Crawford & True, Port Clinton, for Uthoff; Joseph G. Gluck, Toledo, for Radtke.